UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JORDAN THEODORE,<br><br>Plaintiff,<br><br>vs.<br><br>BRIDGESTONE AMERICAS, LLC, et al.,<br><br>Defendants. | CASE NO. 5:15-CV-00698<br><br>OPINION & ORDER<br>[Resolving Doc. 9] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Jordan Theodore sues Defendant Bridgestone Americas, LLC; Defendant Bridgestone Americas Tire Operations LLC; and Defendant Paul Geoffrey Hove for age discrimination. Specifically, Plaintiff Theodore brings a federal age discrimination claim under the Age Discrimination in Employment Act ("ADEA") against the two corporate Defendants. He also makes state law claims for age discrimination and aiding and abetting age discrimination against all three Defendants.[1/]

Defendants seek judgment on the pleadings on all of Plaintiff Theodore's claims.[2/] In support of their motion, Defendants say that Plaintiff Theodore's federal ADEA claim fails because Theodore failed to satisfy the time limit for making a charge of discrimination to the EEOC. Defendants also say that all of Theodore's state law claims are barred because Plaintiff Theodore had the chance to arbitrate his discharge, and that Plaintiff Theodore's state law aiding and abetting claims are also time barred.

---

[1/]Except where otherwise noted, the Court uses "Defendants" to refer to the two corporate Defendants when discussing Plaintiff Theodore's federal claim and uses it to refer to all three Defendants when discussing Theodore's state law claims.

[2/]Doc. 9. Plaintiff Theodore has filed a response, Doc. 10, and Defendants have filed a reply, Doc. 16.

For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion. In particular, the Court **GRANTS** judgment on the pleadings as to Plaintiff Theodore's state law age discrimination claims based on his discharge and as to his state law claims for aiding and abetting age discrimination, but **DENIES** judgment on the pleadings as to Plaintiff Theodore's federal ADEA claim and his non-discharge-related state law age discrimination claims.

## I. Factual Background

Plaintiff Theodore worked for one or both of the corporate Defendants from 1959 to 2014. He worked for Defendants from 23 years of age until he was 78.[3/]

In support of his age discrimination claim, Theodore alleges that Defendants "refused to promote, reinstate, rehire, transfer or reassign Theodore to available positions for which he was qualified, including positions for which he applied," and that instead, "Defendants hired, retained, transferred, and promoted substantially younger individuals into Theodore's position (including assigning substantially younger individuals Theodore's duties and responsibilities), and into open positions for which Theodore was qualified (including positions for which he applied)."[4/]

Defendant fired Plaintiff Theodore on February 10, 2014.[5/] On November 4, 2014, Theodore filed a charge of discrimination with the EEOC using EEOC Form 5.[6/] At the top of the charge, in a field labeled "State or local Agency, if any," Plaintiff Theodore wrote "I do not want this charge jointly filed with the Ohio Civil Rights Commission."[7/] In a field indicating the agencies he wanted

[3/]Doc. 1-1 at 5.
[4/]*Id.* at 5-6.
[5/]*Id.* at 5.
[6/]Doc. 4-2 at 4.
[7/]*Id.* (emphasis in original).

the charges presented to, Plaintiff Theodore checked the box for the EEOC, but not the Ohio Civil Rights Commission ("Ohio Commission).[8] Plaintiff Theodore did not cross off, initial, or otherwise mark text appearing towards the bottom of the form saying "I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures."[9]

On November 18, 2014, the EEOC sent one of the corporate Defendants a notice of the charge.[10] There is no evidence that it responded to this notice. On March 25, 2015, the EEOC sent Plaintiff Theodore a right to sue letter.[11]

## II. Legal Standards

On a motion for judgment on the pleadings under Federal Civil Rule 12(c), the Court employs the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).[12] Thus, "'[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'"[13] Additionally, on a 12(c) motion, the Court may consider exhibits incorporated by reference into the pleadings—like an employment discrimination plaintiff's EEOC charge.[14]

## III. Analysis

---

[8] *Id.*

[9] *Id.*

[10] *Id.* at 2.

[11] Doc. 4-3.

[12] *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

[13] *Id.* (internal quotation marks and citation omitted).

[14] *See, e.g.*, *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**A. Federal ADEA Claim**

*1. The Federal Remedial Scheme, the EEOC, and the Ohio Civil Rights Commission*

To bring a claim under 29 U.S.C. § 626, a plaintiff must file a charge of age discrimination with the EEOC within 180 days, or within 300 days "in a case to which [29 U.S.C. § 633(b)] applies."[15/] In turn, 29 U.S.C. § 633(b) provides, in relevant part, that "[i]n the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under [29 U.S.C. § 626] before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated."[16/] States with qualifying agencies are generally called "deferral states."

EEOC regulations reiterate these requirements. 29 C.F.R. § 1626.7 reiterates the 180 and 300 day limitations periods,[17/] and 29 C.F.R. § 1626.10 permits the EEOC and state agencies to enter into worksharing agreements.[18/] Where such a worksharing agreement exists, the regulations further specify that "[c]harges received by one agency under the agreement shall be deemed received by the other agency for purposes of § 1626.7."[19/]

The parties agree that Ohio is generally a "deferral state" and that the Ohio Commission is a qualifying agency. The EEOC and the Ohio Commission have agreed to a work sharing agreement that provides that "the EEOC and the [Ohio Commission] each designate the other as its agent for

---

[15/] 29 U.S.C. § 626(d).
[16/] *Id.* § 633(b).
[17/] 29 C.F.R. § 1626.7.
[18/] *Id.* § 1626.10.
[19/] *Id.*

the purpose of receiving and drafting charges."[20] The worksharing agreement continues: "The EEOC's receipt of charges on the [Ohio Commission's] behalf will automatically initiate the proceedings of both the EEOC and the [Ohio Commission] for purposes of Section 706 (c) and (e)(1) of Title VII."[21]

Thus, in most cases, a charge filed with either the Ohio Commission or the EEOC is automatically deemed filed with the other. To be timely for ADEA purposes, such a filing must occur within 300 days of the last allegedly unlawful act.

*2. Analysis*

Defendants argue that Plaintiff Theodore's specific request that his charge not be filed with the EEOC overcomes the usual worksharing agreement between the EEOC and the Ohio Civil Rights Commission. If Defendants are correct, then Plaintiff Theodore failed to cross file, with the result that his EEOC charge would have been made after the 180 day limit that applies in the absence of a workshare agreement.

In support of their position, Defendants cite cases where the plaintiff either had not pointed to any worksharing agreement,[22] or had conceded in the complaint that no charge had been filed with a state or local agency.[23] Defendants also cite *Nichols v. Muskingum College*,[24] where the district court treated a notation of "EEOC only" on the charge form as evidence that dual filing did not occur. Defendants seem to argue that Plaintiff Theodore's express direction to the EEOC not to file a charge with the Ohio Commission makes this case similar to the cases Defendants cite.

---

[20] Doc. 10-1 at 2.

[21] *Id.*

[22] *Berger v. Medina Cnty. Ohio Bd. of Cnty. Comm'rs*, 295 F. App'x 42 (6th Cir. 2008).

[23] *Jones v. Memphis Bd. of Ed.*, 172 F.3d 48, 1998 WL 898829 (6th Cir. 1998) (table decision).

[24] C-2-98-1093, 2001 WL 322620 (S.D. Ohio Mar. 23, 2001).

For his part, Plaintiff Theodore notes that *Nichols*, one of the cases Defendants rely on, was reversed by the Sixth Circuit.[25] In the course of reversing, the Sixth Circuit pointed to evidence that the plaintiff had intended to dual file. If dual filing had not occurred, the court held, that was the fault of the EEOC or the Ohio Commission, which would not be imputed to the plaintiff.

Plaintiff Theodore also points to cases that caution against interpreting the ADEA's jurisdictional prerequisites in a way that prevents plaintiffs from seeking remedies in court under both state and federal law. Such concerns arise because Ohio age discrimination law contains various selection of remedies provisions, which prohibit a plaintiff who seeks an administrative remedy with the Ohio Commission from also seeking state law relief in court.

The cases Plaintiff Theodore cites say that when a plaintiff files with the EEOC and expressly states that cross-filing with the Ohio Commission is solely for the purpose of fulfilling the ADEA's jurisdictional requirement, the plaintiff will not be deemed to have elected an administrative remedy.[26] Plaintiff Theodore suggests that his direction to the EEOC not to cross-file his charge at all should be deemed to have the same effect.[27]

This issue is close. Case law from other circuits suggests that neither fault of the EEOC or state agency nor a mere failure to check a box on the charge form indicating that dual filing is desired is enough to avoid triggering the extended 300 day statute of limitations period.[28] The Court has not found, however, any cases that address a situation like the current one where a plaintiff specifically

---

[25] *Nichols v. Muskingum Coll.*, 318 F.3d 674 (6th Cir. 2003).

[26] *E.g.*, *Reminder v. Roadway Express, Inc.*, 5:04-cv-2581, 2006 WL 51129, at *8-9 (Jan. 10, 2006 N.D. Ohio); *Borowski v. State Chem. Mfg. Co.*, 647 N.E.2d 230, 234-35 (Ohio Ct. App. 1994) (dicta).

[27] Doc. 10 ("[C]ourts have recognized that individuals may file EEOC charges solely for jurisdictional purposes to preserve their ADEA claims, without prejudicing their right to pursue state law claims. Theodore has done exactly that.").

[28] *E.g.*, *Petrelle v. Weirton Steel Corp.*, 953 F.2d 148 (4th Cir. 1991).

instructs the EEOC to refrain from filing his charge with the state agency. There is some force to Defendants' argument that where the plaintiff expressly directs the EEOC not to cross-file his claim, plaintiff should not be allowed to argue that his claim was otherwise cross-filed.

But the Court concludes that this personal direction is insufficient to override the EEOC and Ohio Commission's ordinary work-sharing procedure. This conclusion is bolstered by the cases Plaintiff Theodore cites. While instructing the EEOC to cross-file a charge with the Ohio Commission only for jurisdictional purposes arguably differs from instructing the EEOC not to cross-file at all, there is little to no practical difference between the two. In either case, the Ohio Commission does not investigate or otherwise involve itself with the case.

Accordingly, the Court **DENIES** Defendants' motion for judgment on the pleadings as to Plaintiff Theodore's federal ADEA claims.[29/]

**B. State Law Claims**

Plaintiff Theodore brings two state law claims. The first is for age discrimination under Sections 4112.14 and 4112.99. The second is for aiding and abetting age discrimination under Sections 4112.02(J) and 4112.99.

Defendants argue (1) that all of the state law related claims are barred because Plaintiff Theodore had an opportunity to "arbitrate his discharge"; and (2) that the aiding and abetting claim is time barred.

*1. Background on the State Remedial Scheme*

---

[29/] Having reached this conclusion, the Court need not address Plaintiff Theodore's arguments that Defendants waived the timeliness argument by failing to present it to the EEOC; that the EEOC made a determination of timeliness that the Court should defer to; and that the complaint's allegation that "[a]ll jurisdictional prerequisites have been met" is enough to survive a motion to dismiss. *See generally* Doc. 10.

Ohio Revised Code Section 4112 provides a number of different causes of action that age discrimination plaintiffs may bring.

First, Section 4112.02(A) generally prohibits employment discrimination, including on the basis of age. This section makes it unlawful for an employer "to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."[30] Section 4112.02(N) expressly authorizes a private right of action for age-related violations of Section 4112.02.[31]

Second, Section 4112.02(J) makes it unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."[32]

Third, Section 4112.14(A) states that "[n]o employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining the relationship between employer and employee."[33] Section 4112.14(B) authorizes

---

[30] Ohio Rev. Code § 4112.02(A).

[31] *Id.* § 4112.02(N) ("An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights.").

[32] *Id.* § 4112.02(J).

[33] *Id.* § 4112.14(A).

a private right of action for violations of 4112.14(A).[34] When initially enacted, these provisions were codified at Section 4101.17. They were subsequently moved to Section 4112.14 without changing their language.

Fourth, Section 4112.99 provides that "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."[35] Ohio courts have interpreted this language as a gap-filling provision that authorizes private rights of action for violations of Section 4112 that are not otherwise actionable.[36]

The Ohio statutory scheme also includes protection for employers who make arbitration available to employees. Specifically, Section 4112.14(C) states that "[t]he cause of action described in [Section 4112.14(B)] and any remedies available pursuant to [S]ections 4112.01 to 4112.11 . . . shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause."[37]

*2. The opportunity to arbitrate bars Plaintiff Theodore's discharge-related claims*

Defendants argue that Plaintiff Theodore was a union member covered by a collective bargaining agreement ("CBA") that provided for a grievance procedure culminating in arbitration.[38] Accordingly, Defendants argue, all of Plaintiff Theodore's state law claims are barred by Section 4112.14(C). Plaintiff Theodore raises a number of responses.

---

[34] *Id.* § 4112.14(B).
[35] *Id.* § 4112.99.
[36] *Meyer v. United Parcel Serv., Inc.*, 90 N.E.2d 106 (Ohio 2009).
[37] Ohio Rev. Code § 4112.14(C).
[38] *See* Doc. 4-1 at 52-61.

First, Plaintiff Theodore says that he only had the opportunity to arbitrate against the particular Defendant he signed the CBA with, and could not have arbitrated against the related corporate entity or against the individual defendant.[39] This argument fails. Ohio law protects the employer "where the employee has available to the employee the opportunity to arbitrate the discharge."[40] This statutory immunity does not require that an employee have a chance to arbitrate each particular claim the discharge may have given rise to, or that an employee have a chance to arbitrate against any particular defendant. Instead, it requires only that arbitration of the discharge be available, as it was in this case.

Second, Plaintiff Theodore argues that federal and state case law establish that waivers of statutory anti-discrimination claims must both be explicit and give employees access to the same remedies they could have sought in court.[41] Plaintiff Theodore is correct that the case law sets out a very high standard for waiving statutory anti-discrimination protections. But as Defendants point out, this is not a case about waiver.

Instead, it is the Ohio statute itself, not the CBA, that stops the state law age discrimination claims where the employee has or had an opportunity to "arbitrate the discharge."[42] Because Plaintiff Theodore had the opportunity to "arbitrate his discharge," it does not matter that the arbitration procedure did not expressly mention the state law claims or allow him to obtain all remedies that might have been available in court.

Third, Plaintiff Theodore says that his aiding and abetting claim is not barred by Section

---

[39] Doc. 10 at 3-4.
[40] Ohio Rev. Code § 4112.14(C).
[41] Doc. 10 at 7-9.
[42] Ohio Rev. Code § 4112.14(C).

4112.14(C) because the remedy he seeks comes from Section 4112.99 rather than Section 4112.14(B) or a provision between Section 4112.01 and Section 4112.11. Plaintiff Theodore concedes that the right he seeks to vindicate in this claim–to be free from the aiding and abetting of age discrimination–arises from Section 4112.02(J), but argues that because that section provides no express right of action, the remedies come from Section 4112.99.[43/]

This argument does not succeed, however, because the Ohio Supreme Court has rejected a similar argument. In *Meyer v United Parcel Service, Inc.*, the plaintiff attempted to bring an age discrimination claim solely under Section 4112.99. The plaintiff in *Meyer* had argued–as Plaintiff Theodore does here–that a claim premised on Section 4112.99 is textually excluded from the Section 4112.14(C)'s bar. The Ohio Supreme Court disagreed. It held that Section 4112.99 was a general gap-filling provision that applied only in the absence of a more specific statute.[44/] The Ohio Supreme Court thus concluded that "[e]ven if an age-discrimination claim is filed solely pursuant to [Section] 4112.99, that statute does not govern the specifics of the claim because there is no gap to fill for such a claim."[45/] As a result, "an age-discrimination claim brought pursuant to [Section] 4112.99 is subject to the substantive provisions of [Sections] 4112.02 and 4112.14," including 4112.14(C).[46/]

Plaintiff Theodore argues that *Meyer* does not control his aiding and abetting claim because Section 4112.02(J) does not provide an express private right of action.[47/] This statement is technically correct. But it ignores the fact that Section 4112.02(N) provides a right of action to

---

[43/] Doc. 10 at 4-6.
[44/] *Meyer*, 909 N.W.2d 106.
[45/] *Id.* at 113.
[46/] *Id.*
[47/] Doc. 10 at 5.

"enforce the individual's rights relative to discrimination on the basis of age as provided for in this section."[48] This language gives rise to a private right of action under 4112.02(J) for aiding and abetting age discrimination in the same way it gives rise to a private right action under 4112.02(A). The Ohio Supreme Court's holding in *Meyer* thus applies with equal force to aiding and abetting claims, regardless of whether they are styled as Section 4112.99 claims, Section 4112.02(J) claims, or Section 4112.02(N) claims.

Fourth, and more successfully, Plaintiff Theodore argues that Section 4112.14(C)'s bar does not extend to all of his claims because he alleges conduct in addition to age-based termination. Defendants do not respond to this argument, and the Court concludes that Plaintiff Theodore is correct. Plaintiff Theodore's complaint includes allegations of, among other things, refusal to consider Theodore for open positions he was qualified for and applied for. Section 4112.14(C) covers only "[t]he cause of action described in [Section 4112.14(B)] and any remedies available pursuant to [Sections 4112.01 to 4112.11] *in the case of discharges*."[49] This section thus does not stop Plaintiff Theodore's state law claims that are not based on his discharge.

Accordingly, the Court concludes that Section 4112.14(C) bars all of Plaintiff Theodore's state law claims based on his discharge, but does not bar his other state law claims.

*3. Plaintiff Theodore's aiding and abetting claims are time barred*

Defendants also argue that Plaintiff Theodore's state law aiding and abetting claim is time barred. Theodore filed his complaint about thirteen months after the last alleged discriminatory act, well after the 180 day statute of limitations that Defendants say applies.

---

[48] Ohio Rev. Code § 4112.02(N).

[49] *Id.* § 4112.14(C) (emphasis added).

Similar to his argument for why Section 4112.14(C) does not bar his discharge-related aiding and abetting claims, Plaintiff Theodore argues that he is seeking a remedy under Section 4112.99, not Section 4112.02(N), and that Section 4112.02(N)'s 180 day statute of limitations therefore does not apply.[50] This argument fails for reasons similar to those that defeated Plaintiff Theodore's attempt to escape the Section 4112.14(C) bar. In particular, the source of an aiding and abetting claim under Section 4112.02(J) is Section 4112.02(N), even if Plaintiff Theodore purports to bring claims solely under Section 4112.99.

This conclusion is consistent with *Bellian v. Bicron Corp.*, where the Ohio Supreme Court held that a claim brought solely under Section 4112.99 for age discrimination was still subject to the 180 day statute of limitations in Section 4112.02(N).[51] The Ohio Supreme Court reasoned that the general provisions in Section 4112.99 could not overcome the specific 180 day statute of limitations set out in 4112.02(N).[52] Thus, all claims of age discrimination brought under Section 4112.02, or that are based on a violation of 4112.02, are subject to the 180 day statute of limitations.[53]

Accordingly, the Court concludes that Plaintiff Theodore's aiding and abetting state law claims are time barred.

---

[50] Doc. 10 at 9-13.

[51] 634 N.E.2d 608 (Ohio 1994).

[52] *Id.*

[53] *Raines v. College Now Greater Cleveland Inc.*, 1:14-cv-3, 2014 WL 2506261, at *5 (N.D. Ohio June 3, 2014). It is worth noting that some age discrimination cases under Section 4112 are likely subject to a longer statute of limitations. Because Section 4112.14 had already been interpreted to carry a six year statute of limitations when it was recodified from Section 4101.17 without a change in language, the Ohio Supreme Court has assumed without deciding that the six year statute of limitations governs Section 4112.14 claims. See *Meyer*, 909 N.E.2d at 118 n.11. It would follow that Section 4112.99 claims that are premised on violations of Section 4112.14 rather than on violations of Section 4112.02 also have a six year statute of limitations. *Reminder*, 2006 WL 51129, at *5. But that is unimportant in this case because Defendants have not challenged Plaintiff Theodore's Section 4112.14 claims or his corresponding Section 4112.99 claims on statute of limitations grounds.

## IV. Conclusion

For the above reasons, the Court **GRANTS** Defendants' motion for judgment on the pleadings as to Plaintiff Theodore's state law age discrimination claims based on his discharge and all of his state law claims for aiding and abetting age discrimination, but **DENIES** Defendants' motion for judgment on the pleadings as to Plaintiff Theodore's federal ADEA claim and his state law age discrimination claims not based on his discharge.

IT IS SO ORDERED.

Dated: August 6, 2015

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE