UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| JORDAN THEODORE, | : | CASE NO. 5:15-CV-00698 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 28] |
| BRIDGESTONE AMERICAS, LLC, et al., | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Jordan Theodore sued Defendant Bridgestone Americas, LLC; Defendant Bridgestone Americas Tire Operations LLC; and Defendant Paul Geoffrey Hove for age discrimination under the Age Discrimination in Employment Act.[1] On September 28, 2015, the parties filed a joint proposed order to enter judgment in the amount of $40,000.[2] On November 16, 2015, this Court entered a judgment in favor of Plaintiff in that amount.[3]

Defendants have since provided two checks to Plaintiff: one in the amount of $20,000, and the second in the amount of $12,320.[4] Defendants state this second check is "$20,000 minus applicable federal, state, and local tax withholdings."[5]

Defendants have now entered a notice of satisfaction of judgment.[6] Plaintiff objects, contending that the withholdings from the second check are improper.[7] Plaintiff argues that the

---

[1] Doc. 1.
[2] Doc. 24.
[3] Doc. 26.
[4] Doc. 27.
[5] *Id.*
[6] *id.*
[7] Doc. 28.

Case No. 5:15-CV-00698
Gwin, J.

judgment is "analogous to a jury verdict" and thus nut subject to withholding.[8] Defendants have responded, pointing out that under Supreme Court precedent, "a judgment or settlement arising from a claim under the Age Discrimination in Employment Act is taxable income."[9] Moreover, Defendants highlight that in earlier communications between counsel, Plaintiff's attorney indicated that the judgment would be apportioned between back-pay (reported on a W-2), non-economic losses (reported on a 1099-MISC), and fees and expenses (reported on a 1099-MISC).[10]

The Court agrees with Defendants. Defendants correctly understood the judgment to include taxable income, and reasonably withheld from the second settlement check delivered to Plaintiff. Plaintiff's objection to Defendants' satisfaction of judgment is **DENIED**.

IT IS SO ORDERED

Dated: December 3, 2015        s/    *James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[8]*Id.*
[9]Doc. 29.
[10]Id.